UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

February 3, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Audlica D. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-1046-BAH

Dear Counsel:

On April 28, 2022, Plaintiff Audlica D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, and the parties' cross-motions for summary judgment, ECFs 11 and 13.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") in August 2021, alleging a disability onset of May 24, 2021. Tr. 173–79. Plaintiff's claim was denied initially and on reconsideration. Tr. 80–84, 95–99. On January 19, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 29–59. Following the hearing, on January 27, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 10–28. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] The Court acknowledges Standing Order 2022-04 amending the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because the motions in this case were filed prior to the effective date of the Standing Order, the Court will refer to them as motions for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

*Audlica D. v. Kijakazi*
Civil No. 22-1046-BAH
February 3, 2023
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 24, 2021, the alleged onset date." Tr. 15. At step two, the ALJ found that Plaintiff suffered from the severe impairment of degenerative disc disease and the non-severe impairments of "sleep apnea, hypertension, gastroesophageal [GERD] reflux disease and migraine headaches," as well as "adjustment disorder with mixed anxiety and depression." Tr. 15–16 (brackets in original). At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; standing and walking for 2 hours in an 8-hour day; and sitting for 6 hours in an 8-hour day. She can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds).

Tr. 19. The ALJ determined that Plaintiff was able to perform past relevant work as a secretary (DOT[3] #201.362-010). Tr. 24. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two main arguments on appeal, specifically that the ALJ erroneously: (1) evaluated Plaintiff's subjective complaints under *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020) and *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006), ECF 11-1, at 3–11, and (2) failed to perform a function-by-function assessment when formulating the RFC, *id.* at 11–22. Defendant counters that "the ALJ appropriately considered Plaintiff's daily activities as one factor, among others, in evaluating her subjective complaints," ECF 13-1, at 4–10, and that the RFC is supported by substantial evidence, *id.* at 10–15.

The Court first considers Plaintiff's contention that the ALJ applied an improper standard in evaluating Plaintiff's subjective complaints by relying on "Plaintiff's abilities to perform daily activities, without also considering the extent to which she could perform them" and by failing to "consider the other limitations to which the Plaintiff testified," "explain how the Plaintiff's assertions undermined her subjective complaints," and "explain how or why other evidence as more credible [than Plaintiff's] testimony and statements." ECF 11-1, at 9.

The Fourth Circuit has "consistently held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker*, 889 F.2d at 49). In *Arakas*, the Fourth Circuit found that the ALJ had properly concluded that the claimant's "medically determinable impairments 'could reasonably be expected to cause some of the alleged symptoms,' thus satisfying the first step of the symptom-evaluation framework." *Id.* at 96. "But at the second step, the ALJ improperly discredited [the claimant]'s statements about the severity, persistence, and limited effects of her symptoms because [the ALJ] did not find them to be 'completely consistent with the objective evidence.'" *Id.* (internal citations omitted). "Because [the claimant] was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,' the ALJ 'applied an

*Audlica D. v. Kijakazi*
Civil No. 22-1046-BAH
February 3, 2023
Page 4

incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them." *Id.* (alterations in original) (quoting *Hines v. Barnhart*, 453 F.3d 559, 563, 565 (4th Cir. 2006)). The ALJ "failed to account for significant other testimony" and "selectively cited evidence concerning tasks which [the claimant] was capable of performing." *Id.* at 100; *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). The Fourth Circuit concluded that the ALJ "'improperly increased [the claimant's] burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Arakas*, 983 F.3d at 96 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)).

Here, the ALJ properly determined that Plaintiff suffers from degenerative disc disease. Tr. 15. That is not in dispute. The ALJ went on to evaluate the symptoms of that condition (and others), and the extent to which the symptoms limit Plaintiff's capacity to work. Tr. 19–24. Contrary to Plaintiff's assertion, this process comported with the applicable regulatory framework detailed in 20 C.F.R. § 404.1529. It also conformed to the requirements delineated in *Arakas*, as the ALJ did not require Plaintiff to produce "objective evidence" to corroborate subjective complaints of pain. *Arakas*, 983 F. 3d. at 96. To the contrary, as Defendant points out, the ALJ took into account the qualifying statements Plaintiff made about the extent of her daily activities. Tr. 20 ("[Plaintiff] drives her kids to school, she runs errands, she cooks *once a week*, she does *some* cleaning, she *sometimes* does laundry, she uses a computer, makes her bed, and she *helps* care for her special needs daughter . . . ." (emphasis added) (citation omitted)).

The ALJ even expressly relied on Plaintiff's subjective reports and credited Plaintiff's own statements in finding several medical opinions unpersuasive because the conclusions therein were not restrictive enough. Tr. 22–24. The ALJ noted that Plaintiff's "symptoms from degenerative disc disease support further reduction to occasionally balancing, stooping, kneeling, crouching, crawling, and climbing; and never using ladders, ropes, and scaffolds." Tr. 24; *see also* Tr. 22 (finding that the evidence in the record supported a sedentary work as opposed to light work based, in part, on that fact that "in April 2021, the claimant noted continued lower back pain"). In discrediting the extent of the limiting effects of Plaintiff's pain, the ALJ weighed Plaintiff's subjective complaints against the other evidence in the record that documented improvements in Plaintiff's pain symptoms with treatment. Tr. 21 ("In July 2021, the claimant stated that the SI joint injection helped her back pain . . . ." (citing Tr. 579)), *id.* ("In August 2021, physical therapy notes indicated that the claimant had less spasm in the lumbar spine, and that she was able to stand erect with no pain at the end of the session . . . ." (citing Tr. 848)), *id.* ("She was treated with an injection [in September 2021]. Afterwards she reported improvement in pain and function, noting that she only felt back pain when standing too long . . . ." (citing Tr. 864, 873)). Such comparisons remain permissible under *Arakas*. *See John O. v. Kijakazi*, No. AAQ-21-01378, 2022 WL 2305255, at *4 (D. Md. June 27, 2022) ("[I]n this case, the ALJ found Plaintiff's statements as to the intensity, persistence, and limiting effects of his depression and anxiety to be inconsistent for other reasons, in addition to evidence of his daily activities.")

Plaintiff relies on *Towanna G. v. Kijakazi*, No. BAH-21-1711, 2022 WL 4017417 (D. Md. Sept. 2, 2022) and *Coreen T. v. Kijakazi*, No. CBD-19-3372, 2022 WL 252961 (D. Md. Jan. 26, 2022), in arguing that the ALJ committed reversible error in evaluating Plaintiff's subjective

complaints. ECF 11-1, at 7–9. Those cases are distinguishable. In *Towanna G.*, the Court remanded where the ALJ improperly discounted the plaintiff's subjective complaints of pain under *Arakas*. 2022 WL 4017417, at *4. Critically, however, the ALJ in that case failed to discuss the plaintiff's qualifying statements,[4] thereby misrepresenting the plaintiff's testimony as to the extent of her activities of daily living. *Id.* In *Coreen T.*, the Court held that the ALJ impermissibly relied solely on objective medical findings when disregarding the plaintiff's subjective statements. 2022 WL 252961, at*5. As noted above, the ALJ here did not commit the same error. Rather, the ALJ based his conclusion regarding Plaintiff's subject complaints of pain on objective medical evidence in the record as well as Plaintiff's own statements, including qualifying statements regarding the extent to which she can perform activities of daily living. *See John O.*, 2022 WL 2305255, at *5 (distinguishing *Arakas* and affirming the ALJ's decision where the ALJ discounted the plaintiff's subjective complaints based on objective medical evidence—rather than a *lack* of objective evidence as was impermissible in *Arakas*—and discussed the plaintiff's qualifying statements about his ability to perform activities of daily living). As such, these cases do not counsel remand.

Plaintiff's second argument is also unpersuasive. Plaintiff argues that the ALJ failed to properly provide a function-by-function analysis by (1) "fail[ing] to set forth the required narrative discussion citing the specific evidence that explained how it supported each of his conclusions," (2) "fail[ing] to address the side effects of the Plaintiff's medications," and (3) "fail[ing] to properly address the Plaintiff's migraine headaches." ECF 11-1, at 16.

A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, an ALJ is required to "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). As Plaintiff notes, pursuant to Social Security Ruling 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b) including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . . [that] may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 404.1545(b). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative

---

[4] For example, the ALJ concluded that the plaintiff "maintain[ed] fairly extensive activities of daily living, such as using a phone, cooking, cleaning and shopping." *Towanna G.*, 2022 WL 4017417, at *4 (citation omitted). But the plaintiff had "testified that she does not 'use [her] phone much because [her] fingers get numb and tingly, or [she] keep[s] dropping [her] phone' so she lets her kids use it." *Id.* (citation omitted). "When asked whether she can prepare meals or fold laundry, she answered, 'With help sometimes I can[;] sometimes my kids have to do it . . . .'" *Id.* (citation omitted).

discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citing *Thomas*, 916 F.3d at 311). Thus, ALJs "must both identify evidence that supports [their] conclusion[s] and 'build an accurate and logical bridge from that evidence to [their] conclusion[s].'" *Woods*, 888 F.3d at 694 (quoting *Monroe*, 826 F.3d at 189).

Here, the ALJ made several conclusions as to Plaintiff's exertional and non-exertional limitations in the RFC. Tr. 19. The ALJ summarized Plaintiff's testimony and medical record, citing extensively to the record that demonstrated how Plaintiff's impairments affected her. Tr. 20–22. The ALJ evaluated the medical opinions in the record under the proper regulatory framework. Tr. 22–24. More specifically, the ALJ explicitly compared the conclusions of those medical opinions to other evidence in the record. Tr. 22-24. The ALJ even found that more limitations were warranted than at least three of the medical professionals had concluded. Tr. 24. Thus, I do not find that the ALJ failed to provide the proper narrative discussion or function-by-function analysis in formulating the RFC.

Even if I did find error in the formulation of the RFC, remand would not necessarily follow. The Fourth Circuit has held that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Remand is only required "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177).

Importantly, Plaintiff carries the burden of showing how Plaintiff's conditions affect her ability to perform work-related functions. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the inquiry). Plaintiff also carries the burden on appeal of demonstrating how an ALJ's failure to include a specific limitation in the RFC is harmful and warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency determination."); *Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. 20, 2016) (citing *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012)) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis). Plaintiff has failed to articulate how the RFC may have changed had the ALJ performed, as Plaintiff alleges the ALJ should have, a more detailed function-by-function RFC analysis. Plaintiff also fails to suggest what limitations should have been included in the RFC that were not. Thus, it is unclear how the ALJ's alleged errors changed the outcome here. Accordingly, any failure by the ALJ to perform a function-by-function analysis, where, as here, there is no evidence that more robust analysis would lead to a different result, constitutes harmless error. *Mascio*, 780 F.3d at 636; *see also Turner v. Colvin*, No. 1:13CV00761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, No. 1:13CV761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete

analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."); *Brown v. Astrue*, No. JKS–09–1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand.").

Plaintiff's second and third sub-arguments also fail. Plaintiff contends that the ALJ failed to address the side effects of Plaintiff's medications, namely that they made her "drowsy, sleepy, [and] lethargic." ECF 11-1, at 16 (citing Tr. 26, 232). Yet the ALJ clearly did consider the side effects, as the ALJ plainly stated that "[t]he medication makes [Plaintiff] drowsy." Tr. 20. Plaintiff argues that the ALJ failed to account for Plaintiff's migraines in the RFC. ECF 11-1, at 17. This is incorrect. The ALJ found Plaintiff's migraines to be a non-severe impairment and that they improved with medication and use of a CPAP machine. Tr. 16. Plaintiff testified that she only takes migraine medication as needed. Tr. 39–40. She testified that she "do[es]n't think [she] ha[s] significant concentration issues." Tr. 52. Moreover, Plaintiff fails to explain what limitations should be added to the RFC to adequately account for Plaintiff's migraines, and similarly fails to explain how the outcome in this case would be different had the ALJ included the additional limitations Plaintiff seeks. *See, e.g., Pass*, 65 F.3d at 1203; *Brown*, 2011 WL 129006, at *2. Remand is not warranted.

## V.     **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 13, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge